POORE & ROSENBAUM LLP

ATTORNEYS AT LAW

WILLIAM A. POORE
STEVEN ROSENBAUM*

NICHOLAS A. LAMBROS*
CHRISTOPHER J. O'CONNOR

*Also licensed in MA

Commerce Center
30 Exchange Terrace
Providence, Rhode Island 02901-1117
Telephone (401) 831-2600
Fax (401) 831-2220

September 18, 2006

Nora Kersten Walsh, Esq.
Schiff Hardin LLP
6600 Sears Tower
Chicago, Illinois 60606

RE: Dorel Juvenile Group, Inc. v. Lois DiMartinis
**United States District Court for the District of Indiana**
**Civil Action No. 1:06-CV-1295-DFH-TAB**

Dear Attorney Walsh:

Please be advised that this firm represents Summer Infant Inc., which was served with a records subpoena dated September 5, 2006 in connection with the above-captioned litigation. Pursuant to Fed.R.Civ.P.45, this correspondence represents Summer Infant's written objection to Dorel Juvenile Group, Inc.'s request to inspect or copy documents sought in the rider attached to the subpoena. It is clear from the breadth of the rider - directed to a non-party and direct competitor of Dorel - that it is intended to serve as a pretext for obtaining information that goes far beyond its dispute with its former employee and to obtain Summer Infant's confidential and proprietary information. Additionally, the scope and lack of specificity contained in the requests places an undue burden on Summer Infant and seems to underscore the fact that Dorel is not only engaged in a fishing expedition, but to intends to seek access to confidential and/or proprietary information of Summer Infant.

For aforementioned reasons and for those stated below, Summer Infant objects to the requests contained within the subpoena:

Request No. 1: Summer Infant objects to this request to the extent that it seeks confidential and/or proprietary information. Summer Infant further objects to the request because it is vague in both time and scope, lacks requisite specificity and places an undue burden on Summer Infant. Additionally, Summer Infant objects to this request to the extent that it seeks the production of documents protected by the attorney-client privilege, work product doctrine or any applicable privilege or immunity.

Request No. 2: Summer Infant objects to this request to the extent that it seeks confidential and/or proprietary information. Summer Infant further objects to the request because it is vague in both time and scope, lacks requisite specificity and places an undue burden on Summer Infant. Additionally, Summer Infant objects to this request to the extent that it seeks the production of documents protected by the attorney-client privilege, work product doctrine or any applicable privilege or immunity.

Request No. 3: Summer Infant objects to this request to the extent that it seeks confidential and/or proprietary information. Summer Infant further objects to the request because it is vague in both time and scope, lacks requisite specificity and places an undue burden on Summer Infant. Additionally, Summer Infant objects to this request to the extent that it seeks the production of documents protected by the attorney-client privilege, work product doctrine or any applicable privilege or immunity.

Request No. 4: Summer Infant objects to this request to the extent that it seeks confidential and/or proprietary information. Summer Infant further objects to the request because it is vague in both time and scope, lacks requisite specificity and places an undue burden on Summer Infant. Additionally, Summer Infant objects to this request to the extent that it seeks the production of documents protected by the attorney-client privilege, work product doctrine or any applicable privilege or immunity.

Request No. 5: Summer Infant objects to this request to the extent that it seeks confidential and/or proprietary information. Summer Infant further objects to the request because it is vague in both time and scope, lacks requisite specificity and places an undue burden on Summer Infant. Additionally, Summer Infant objects to this request to the extent that it seeks the production of documents protected by the attorney-client privilege, work product doctrine or any applicable privilege or immunity.

Request No. 6: Summer Infant objects to this request to the extent that it seeks confidential and/or proprietary information. Summer Infant further objects to the request because it is vague in both time and scope, lacks requisite specificity and places an undue burden on Summer Infant. Additionally, Summer Infant objects to this request to the extent that it seeks the production of documents protected by the attorney-client privilege, work product doctrine or any applicable privilege or immunity.

Request No. 7: Summer Infant objects to this request to the extent that it seeks confidential and/or proprietary information. Summer Infant further objects to the request because it is vague in both time and scope, lacks requisite specificity and places an undue burden on Summer Infant. Additionally, Summer Infant objects to this request to the extent that it seeks the production of documents protected by the attorney-client privilege, work product doctrine or any applicable privilege or immunity.

Request No. 8: Summer Infant objects to this request to the extent that it seeks confidential and/or proprietary information. Summer Infant further objects to the request because it is vague in both time and scope, lacks requisite specificity and places an undue burden on Summer Infant. Additionally, Summer Infant objects to this request to the extent that it seeks the production of documents protected by the attorney-client privilege, work product doctrine or any applicable privilege or immunity.

Request No. 9: Summer Infant objects to this request to the extent that it seeks confidential and/or proprietary information. Summer Infant further objects to the request because it is vague in both time and scope, lacks requisite specificity and places an undue burden on Summer Infant. Additionally, Summer Infant objects to this request to the extent that it seeks the production of documents protected by the attorney-client privilege, work product doctrine or any applicable privilege or immunity.

Request No. 10: Summer Infant objects to this request to the extent that it seeks confidential and/or proprietary information. Summer Infant further objects to the request because it is vague in both time and scope, lacks requisite specificity and places an undue burden on Summer Infant. Additionally, Summer Infant objects to this request to the extent that it seeks the production of documents protected by the attorney-client privilege, work product doctrine or any applicable privilege or immunity.

Request No. 11: Summer Infant objects to this request to the extent that it seeks confidential and/or proprietary information. Summer Infant further objects to the request because it is vague in both time and scope, lacks requisite specificity and places an undue burden on Summer Infant. Additionally, Summer Infant objects to this request to the extent that it seeks the production of documents protected by the attorney-client privilege, work product doctrine or any applicable privilege or immunity.

Request No. 12: Summer Infant objects to this request to the extent that it seeks confidential and/or proprietary information. Summer Infant further objects to the request because it is vague in both time and scope, lacks requisite specificity and places an undue burden on Summer Infant. Additionally, Summer Infant objects to this request to the extent that it seeks the production of documents protected by the attorney-client privilege, work product doctrine or any applicable privilege or immunity.

Request No. 13: Summer Infant objects to this request to the extent that it seeks confidential and/or proprietary information. Summer Infant further objects to the request because it is vague in both time and scope, lacks requisite specificity and places an undue burden on Summer Infant. Additionally, Summer Infant objects to this request to the extent that it seeks the production of documents protected by the attorney-client privilege, work product doctrine or any applicable privilege or immunity.

It is worthy of note that few of these requests relate directly or indirectly to Lois DiMartinis, instead the majority relate in some fashion to Summer Infants' internal documents and communication, or responsibilities, of employees having nothing to do with Lois DiMartinis; or relate directly to Summer Infant's internal product and design information; or encompass communication or information which is propriety and confidential.

Without waiving any of the foregoing objections, Summer Infant will make non-confidential and non-proprietary documents, as well as non-privileged documents, that are responsive and within its possession, custody or control available for inspection and copying at a mutually convenient date and time.

Please feel free to contact me at your convenience to discuss this matter in greater detail, in particular means by which we can limit the scope, burden and intrusiveness of the requests.

Very truly yours,

Christopher J. O'Connor

Christopher J. O'Connor

CJO/hja