POORE & ROSENBAUM LLP
ATTORNEYS AT LAW

WILLIAM A. POORE
STEVEN ROSENBAUM*

NICHOLAS A. LAMBROS*
CHRISTOPHER J. O'CONNOR

*Also licensed in MA

Commerce Center
30 Exchange Terrace
Providence, Rhode Island 02901-1117
Telephone (401) 831-2600
Fax (401) 831-2220

September 22, 2006

Nora Kersten Walsh, Esq.
Schiff Hardin LLP
6600 Sears Tower
Chicago, Illinois 60606

RE: Dorel Juvenile Group, Inc. v. Lois DiMartinis
United States District Court for the Southern District of Indiana
Civil Action No. 1:06-CV- 1295-DFH-TAB

Dear Attorney Walsh:

I am writing to confirm our telephone conversation from earlier today regarding Dorel's subpoena of documents directed to Summer Infant and Summer Infant's objections thereto. As we discussed, and without waiving our prior objections, there are certain documents that may be responsive to the subpoena which Summer Infant will produce by Tuesday, September 23, 2006. Moreover, as we discussed, I will contact you on Monday to further discuss the requests and Summer Infant's position. However, in anticipation of our conversation on Monday, and in a good-faith effort to avoid any impasse, I write to offer the following comments with respect to Dorel's requests.

With respect to Request No. 1 and consistent with your suggestion, Summer Infant is prepared to respond to the request if limited to documents in subsections (a) through (e) if provided to Summer Infant by Lois DiMartinis.

With respect to Request No. 2, aside from the duplicative information that is requested in No. 1, I do not know what information you are seeking or the time frame that it covers. However, please be advised that Ms. DiMartinis provided Summer Infant with a copy of the confidentiality agreement with Dorel, of which Dorel obviously has a copy.

Request No.'s 3 and 9 seek information related to the hiring of Ms. DiMartinis and her job responsibilities. As I informed you, she responded to a newspaper advertisement in The Providence Journal for the position of Vice President of Marketing. A copy of this advertisement and the offer of employment, which I believe is not signed, will be produced. There is no formal, written job description beyond what is contained in the advertisement.

With respect to Request No. 4, aside from the information that may be included in Requests No.'s 1 or 3, I do not know what information is sought. Moreover, it is so overly broad because as it is currently drafted, responsive documents would include Summer Infant's confidential and proprietary information.

Request No.'s 5, 6, 7, 8, and 10 are the same or similar type of requests and all are related to Summer Infant's employees who are not the subject of this lawsuit. As we discussed, Summer Infant will not produce information related to these individuals for the reasons stated in my original letter to you and during our telephone conversation.

As I understand Request No.'s 11 and 12, Dorel is seeking Summer Infant's product or design information related to any juvenile nasal aspirator or juvenile bath products. I believe I made Summer Infant's position pretty clear in our telephone conversation, which is that Summer Infant will not produce information regarding its product line or development of new products. Additionally, my concerns go beyond public access to this information, and obviously include Dorel's access to this confidential and proprietary information that are in no way connected to the hiring of Ms. DiMartinis.

We discussed the scope of Request No. 13 and its complete lack of connection to Ms. DiMartinis, or time frame or subject matter. Moreover, it places an obvious, undue burden on Summer Infant. The objection is as precise and responsive as the request.

Lastly, we have learned from Ms. DiMartinis' counsel that a discussion of Summer Infant's cooperation in the discovery process was discussed on the conference call with the Court this afternoon. Summer Infant is prepared to cooperate fully with regard to discovery in this matter, and has every reason and desire to assist in an efficient resolution of this case. That said, in the event that Dorel refuses to modify or limit its document requests to matters that are relevant to Dorel's Motion for Preliminary Injunction, then Dorel will leave Summer Infant with no choice but to bring Dorel's unreasonableness to the attention of a Court of proper jurisdiction for an expedited ruling.

We can discuss the requests and our clients' positions more fully when we speak on Monday.

Very truly yours,

Christopher J. O'Connor

Christopher J. O'Connor

# POORE & ROSENBAUM LLP

ATTORNEYS AT LAW

WILLIAM A. POORE
STEVEN ROSENBAUM*

NICHOLAS A. LAMBROS*
CHRISTOPHER J. O'CONNOR

*Also licensed in MA

Commerce Center
30 Exchange Terrace
Providence, Rhode Island 02901-1117
Telephone (401) 831-2600
Facsimile (401) 831-2220

## Facsimile Transmission Cover Sheet

September 18, 2006

**To:** **Nora Kersten Walsh, Esq.**

**Receiving Telecopier Number:** **312-258-5600**

**From:** **Christopher J. O'Connor, Esq.**

**Sending Telecopier Number:** **401-831-2220**

**Number of pages being transmitted (including this cover sheet):** **SIX (6)**

**Message:**

### CONFIDENTIALITY NOTE

This facsimile contains privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this facsimile is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this facsimile is strictly prohibited. If you have received this facsimile in error please notify us immediately by telephone (call collect) and return the original facsimile to us at the above address via the U.S. postal service. We will reimburse you for postage. Thank you for your courtesy and cooperation.

**If problems in transmission are encountered, please contact sender at the following number: (401) 831-2600.**