IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DOREL JUVENILE GROUP, INC., Plaintiff, v. LOIS DIMARTINIS, Defendant. | ) ) ) ) ) ) ) ) ) | Case No. 1: 06-CV-1295-DFH-TAB |

# AGREED PROTECTIVE ORDER

Whereas Plaintiff Dorel Juvenile Group ("Dorel") has asserted claims in this action against Defendant Lois DiMartinis ("DiMartinis");

Whereas the parties' responses to discovery may involve the disclosure of trade secret or other confidential, proprietary, technical, business or financial information which information is subject to protection under Federal Rule of Civil Procedure 26(c) or otherwise (hereafter, "Confidential Information"); and

Whereas the parties wish to protect the confidentiality and limit the disclosure of such information and therefore agree to the entry of this order;

IT IS HEREBY ORDERED:

1. This Agreed Protective Order ("Order") shall apply to all Confidential Information produced in the above-captioned litigation, *Dorel Juvenile Group, Inc. v. Lois DiMartinis*, No. 1:06-CV-1295-DFH-TAB (S.D. Ind.), (the "Litigation") by Dorel, DiMartinis, and any third party that agrees to be bound by its terms.

2. As used herein, "Confidential Information" shall have the meaning provided above and shall include documents and information that are designated in good faith as

confidential by the person who produced them, including but not limited to, (a) documents, interrogatories, requests for admission, and answers thereto; (b) transcripts of depositions and exhibits thereto; and (c) all copies, abstracts, excerpts, analyses, and complete or partial summaries prepared from or containing, reflecting, or disclosing such Confidential Information. "Document" means any written, printed, typed, graphic, or otherwise recorded matter, or tangible thing, of any kind, however produced or reproduced, including but not limited to, all originals, non-identical copies, intermediate drafts and revisions of any written matter; and all exhibits, affidavits or other litigation materials.

3. Any party who believes in good faith that any information or documents to be disclosed contain or reflect Confidential Information may so designate such information as follows.

(a) Documents produced during discovery may be designated as Confidential Information by stamping each page containing Confidential Information with the legend "Confidential" at the time of production.

(b) Depositions or portions thereof may be designated as Confidential Information by stating on the record at the time of the deposition that portions of the deponent's testimony and any exhibits related to the testimony contain Confidential Information, or by so designating relevant pages of any such deposition transcript or exhibit attached thereto within five (5) days after receipt of the transcript. All deposition transcripts shall initially be treated as "Confidential Information" until five days after all parties have received a copy of the transcript. In the event that portions of a transcript are designated "Attorneys' Eyes Only" pursuant to Paragraph 5 herein the designating party shall instruct the court reporter to type that testimony as

a separate transcript and mark it with the following notation: "Confidential-Attorneys' Eyes Only".

4. Confidential Information so designated shall be used only for the purpose of this Litigation and not for any other business purpose whatsoever, and shall not without prior notice to, and written consent from, the designating party be disclosed in any way to any person except Qualified Persons. As used herein, "Qualified Persons" means:

(a) The Court (and any appellate court), including Court personnel, stenographic reporters, jurors, and alternate jurors;

(b) The court reporter transcribing a deposition involving Confidential Information, and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

(c) In-house and outside counsel to the named parties to the Litigation engaged in the prosecution or defense of this action, and associate attorneys, paralegals, clerical, secretarial and other staff employed by such counsel actually assisting counsel who counsel shall determine have a need to have access to such information;

(d) The named parties to the litigation as of the date of this Order, including any employees, officers, and directors of a named party, to the extent necessary for the prosecution or defense of this Litigation;

(e) Anticipated and actual deponents and trial fact witnesses other than the named parties in the Litigation;

(f) Persons identified in a document designated as "Confidential" as an author of the document in part or in whole, or persons to whom a copy of such document was sent prior to its production in the Litigation; and

(g) Outside, independent experts, advisor or consultants (or than employees, officers or directors of any party) specifically retained by counsel of record in this Litigation to assist in the prosecution or defense of this action.

5. Any party may designate as "Attorneys' Eyes Only" that Confidential Information which it believes in good faith to reflect, relate to, or concern its proprietary trade secrets (as that term is defined by Section 24-2-3-2 of the Indiana Uniform Trade Secrets Act), or information that is otherwise so sensitive that the protections afforded Confidential Information by this Order are inadequate. Confidential Information marked "Attorneys' Eyes Only" may be disclosed only to individuals identified in Paragraphs 4(a), (b), (c), (f) and (g).

6. Within seven (7) days prior to disclosing Confidential Information designated as "Confidential" or "Attorneys' Eyes Only" to any outside expert, advisor, or consultant, the disclosing party shall notify the other parties of the name, address and business affiliation of the expert, advisor, or consultant. For good cause shown, the Court can order that the information not be disclosed.

7. Prior to any disclosure of Confidential or Attorneys' Eyes Only Information to any Qualified Person other than those defined in Paragraphs 4(a), (b), (c) and (f), counsel of record for the party proposing to make such disclosure shall ensure that a copy of this Order has been delivered to such person, and shall obtain such person's written agreement to be bound by the terms of this Order and consent to the Court's jurisdiction for purposes of enforcing this Order, in the form of the Undertaking attached hereto as Exhibit A. Counsel of record for each party shall maintain a list of the names of all persons to whom such documents or information is disclosed, and such list shall be available for inspection by counsel for the party claiming confidentiality upon order of the Court following showing of good cause.

8. All Qualified Persons who have received Confidential or Attorneys' Eyes Only Information pursuant to this Order shall safeguard such information so as to avoid any disclosure of that information, except as provided in this Order. Documents, depositions, or other materials designated as "Confidential" or "Attorneys' Eyes Only" shall be used by the person receiving them only for the purpose of preparing for and conducting the Litigation. Any use or disclosure of such documents, materials, or information for any other purpose is a direct violation of this Order.

9. If a designating party inadvertently omits to designate a document or information pursuant to this Order as Confidential Information, that omission shall not constitute a waiver in whole or in part of that party's claim of confidentiality, so long as the designating party promptly notifies the other party that such documents or information should be treated as though they were properly designated in accordance with this Order. The parties in possession of such documents and information shall treat them accordingly. No party shall be liable for disclosure of a document or information not designated as Confidential Information before receiving notice of its confidentiality.

10. Any party to the Litigation may object at any time to the designation of information as Confidential or Attorneys' Eyes Only. The objection shall be made in writing to counsel for the designating party. Counsel shall confer in good faith in an effort to resolve any dispute concerning such designation. In the event of a motion concerning the designation of information as Confidential or Attorneys' Eyes Only, all materials so designated shall continue to be treated as Confidential or Attorneys' Eyes Only Information until the Court rules to the contrary. No party to this Litigation shall, by treating information as Confidential or Attorneys'

Eyes Only, be deemed to have conceded that the information actually is Confidential or Attorneys' Eyes Only.

11. Nothing herein shall prevent any party or third party who has received Confidential or Attorneys' Eyes Only Information pursuant to this Order from producing such information in response to a lawful subpoena or other compulsory process; provided that any party or third party receiving such subpoena or process (i) shall as soon as reasonably practical, but in no event later than ten (10) days in advance of the return or response date for such subpoena or process, give notice thereof to the designating party by telephone and in writing, and shall furnish the designating party with a copy of the subpoena or other compulsory process so as to afford the designating party a reasonable opportunity to seek a protective order; and (ii) if application for a protective order is made promptly and before the return date, shall not produce such Confidential or Attorneys' Eyes Only Information prior to receiving a court order or the consent of the designating party. In the event that production of such Confidential or Attorneys' Eyes Only Information is made notwithstanding such prompt application for a protective order, it shall continue to be treated as Confidential or Attorneys' Eyes Only by all persons subject to this Order unless and until this Court shall otherwise direct.

12. Except upon further order of this Court, no information designated as Confidential or Attorneys' Eyes Only shall be filed with any court, or disclosed in any pleadings, motions, depositions, or other documents placed in the record of the Litigation, unless the materials containing such Confidential Information are placed in a sealed envelope or other appropriate sealed container, on which shall be endorsed the caption of this action, the words "Confidential-Subject to Court Order" and a statement substantially in the following form:

> This envelope [or container] contains Confidential Information. By order of the United States District Court for the Southern District of Indiana, Indianapolis

> Division, this envelope [or container] is not to be opened or the contents thereof displayed or revealed except by order of the Court.

The party shall include a notice to the Clerk and the other parties that such document contains information that is subject to the terms of this Order.

13. The final determination or settlement of the Litigation shall not relieve any person who has received Confidential Information from the obligations imposed by this Order. All Confidential and Attorneys' Eyes Only Information shall be destroyed or returned to counsel for the designating party producing such documents within thirty (30) days after the final conclusion of the Litigation, including appeals, except that legal counsel for plaintiff and defendant may keep an office file of internal memoranda, discovery responses, deposition transcripts, pleadings and briefs notwithstanding that they contain Confidential or Attorneys' Eyes Only Information, so long as such materials are kept in accordance with the terms of this Order.

14. This Court shall retain jurisdiction after final determination or settlement of this action to enforce or modify the provisions of this Order. All disputes concerning the designation of documents or other information as protected pursuant to this Order may be brought before this Court (a) upon proper notice and (b) after a good faith effort to resolve such disputes has been made. Any party may, on notice, move this Court for relief from, or modification of, any of the provisions of this Order.

15. Nothing in this Order shall limit the designating party from using its own documents and information in any fashion it may desire; provided, however, that if a designating party disseminates its own Confidential Information in a manner inconsistent with the claim that it is Confidential or Attorneys' Eyes Only material, any party may assert to the Court that such material is not or is no longer entitled to be treated as Confidential or Attorneys' Eyes Only Information, and thereby seek to be relieved of the obligations placed upon Qualified Persons.

16. This Order shall in no way affect or impair the right of any party or person to raise or assert any defense or objection, including, but not limited to, defenses or objections to the discovery or production of documents or information and to the use, relevance or admissibility at trial of any evidence, whether or not comprised of documents or information governed by this Order.

17. The parties may at any time stipulate to a modification of this Order by the Court as to any particular portion of the Confidential or Attorneys' Eyes Only Information without affecting the continuing validity of this Order as to any other Confidential or Attorneys' Eyes Only Information. Until such order shall be entered, the stipulated modification shall be treated as a binding agreement between the parties.

18. In the event any person shall violate or threaten to violate any of the terms hereof, the aggrieved party may seek any appropriate remedy from the Court and no party hereto shall raise as a defense to a request for injunctive relief that the aggrieved party has an adequate remedy at law.

19. Third parties responding to subpoenas may take advantage of the protections of this Order for purposes of preserving the confidentiality of their information and documents by agreeing to be bound by the terms of this Order.

20. The parties acknowledge that this Order was prepared and drafted jointly.

ENTERED: September ____, 2006.

_______________________________________
United States District Court Judge

AGREED TO:

9/26/06
One of the attorneys for
DOREL JUVENILE GROUP, INC.

9/25/06
One of the attorneys for
LOIS DIMARTINIS

**Exhibit A**
**(Form of Undertaking)**

UNDERTAKING

I, __________________, hereby declare:

1. I have read the Agreed Protective Order entered in this action and agree to be bound by the terms thereof, and to comply with the terms thereof. I hereby submit to the jurisdiction of this Court for the purpose of enforcing the Agreed Protective Order in the event that I am alleged to have violated the terms thereof.

2. I will not disclose or use (other than for purposes of giving testimony or assisting in the prosecution or defense of this lawsuit) any of the Confidential Information (as that term is defined in the Agreed Protective Order) to which I receive access pursuant to this Undertaking.

3. I declare under penalty of perjury that the foregoing is true and correct.

______________________________
[Name and signature of Witness]

CHI\ 1528757.2
CHI\ 1530305.1