POORE & ROSENBAUM LLP

ATTORNEYS AT LAW

WILLIAM A. POORE
STEVEN ROSENBAUM*

NICHOLAS A. LAMBROS*
CHRISTOPHER J. O'CONNOR

*Also licensed in MA

Commerce Center
30 Exchange Terrace
Providence, Rhode Island 02901-1117
Telephone (401) 831-2600
Fax (401) 831-2220

September 27, 2006

Charles H. R. Peters, Esq.
Nora Kersten Walsh, Esq.
Schiff Hardin LLP
6600 Sears Tower
Chicago, Illinois 60606

RE: Dorel Juvenile Group, Inc. v. Lois DiMartinis
United States District Court for the Southern District of Indiana
Civil Action No. 1:06-CV- 1295-DFH-TAB

Dear Attorneys Peters and Walsh:

I am following-up on our telephone conference call from yesterday, September 26, 2006, regarding the above-captioned matter.

First, with respect to the subpoena and documents requested of Summer Infant, I reaffirm Summer Infant's position that it is agreeable to producing, to the extent the documents exists, all relevant information relating to the hiring of Lois DiMartinis and any of Dorel's proprietary information which may have been disclosed by Ms. DiMartinis to Summer Infant. As I told you on the telephone, with respect to the latter, there is none. Moreover, with respect to hiring of Ms. DiMartinis, I will forward via e-mail copies of responsive documents for purposes of your eyes only. I am in the process of conferred with my client regarding handwritten notes of meetings and calendar entries relating to the hiring of Ms. DiMartinis. I do not believe these exist; however, I have asked my client to check again and will produce those items if they exist.

Additionally, this will confirm what I told you yesterday, that is the position that Ms. DiMartinis was hired for is a newly created position. There is no formal job description other than what is contained in the advertisement. Some of the responsibilities of this position were performed by various staff; however, there are no official job descriptions for those employees. You mentioned during our conversation that you are also seeking - to the extent the documents exists - past performance reviews or evaluations of Summer Infant's employee(s) performing responsibilities that will include or are incorporated for the position Ms. DiMartinis was hired.

Although I do not think the most liberal interpretation of the subpoena would include this type of information, out of an abundance of caution, I want to make it clear that we object to the extent that Dorel insists on this type of production for numerous reasons, including the scope and breadth of the request and the complete lack of any connection to Ms. DiMartinis. Summer Infant does perform evaluations for employees; however, this information is confidential and/or proprietary. Moreover, this type of request only serves to underscore the fact that this is a fishing expedition and that there is no good faith basis for the assertions contained in Dorel's non-verified complaint or pleadings. Your explanation that Dorel's interest in the employees that are the subject of Request No's 5, 6, 7, 8 and 10 and Summer Infant's product information contained in Request No's 11 & 12 are equally troubling; that is, Dorel finds the timing of certain product development curious in relation to Summer Infant hiring these individuals and that Dorel intends to show a pattern of conduct which will result is a greater likelihood than not that Ms. DiMartinis will disclose some type of confidential or proprietary information (which is unrelated to these individuals or products).

If Dorel remains unwilling to limit the scope of its subpoena to relevant information related to Ms. DiMartinis and her hiring, and that is not confidential or proprietary, then it will have to seek appropriate relief in Rhode Island.

Lastly, there is no need to subpoena Jason Macari or Steve Gibree for purposes of depositions. Both gentlemen will make themselves available for depositions at my office in Providence, Rhode Island; however, in order to avoid the necessity of a protective order there must be an agreement on the scope and subject of the deposition.

I believe this covers everything we discussed yesterday. However, please do not hesitate to contact me if you wish to discuss further or have any questions.

Very truly yours,

Christopher J. O'Connor

Christopher J. O'Connor