UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

DOREL JUVENILE GROUP, INC. **OBJECTION**

v. Case Number: 1:06-MC-0091-S-DLM

SUMMER INFANT, INC.

# DEFENDANT'S OBJECTION TO PLAINTIFF'S EMERGENCY MOTION TO COMPEL PRODUCTION OF DOCUMENTS

## I. INTRODUCTION

Now comes the Defendant Summer Infant, Inc., by and through its attorneys in the above-entitled matter and hereby objects to Plaintiff's Emergency Motion to Compel Production of Documents.

In support of the objection, and contrary to the representations made in Plaintiff's motion, Summer Infant – a non-party - has in fact cooperated in the litigation initiated by Plaintiff, captioned Dorel Juvenile Group, Inc. v. Lois DiMartinis and pending in United States District Court for the Southern District of Indiana. This, despite the fact that the litigation is a thinly veiled attempt by Plaintiff – a competitor of Summer Infant's – to gather Summer Infant's confidential and proprietary information and to attempt to intimidate Summer Infant and its employees. Furthermore, Summer Infant, has fully cooperated in spite of Plaintiff's intransigence with respect to the scope of its subpoena and the information sought. Although Plaintiff has been unwilling to limit the scope of its subpoena, as is evident by its motion to compel, Summer Infant produced documents to Plaintiff electronically on Friday, September 29, 2006. The document production likely crossed with Plaintiff's motion which was delivered on the same day; however, counsel for Summer Infant was not aware that the motion was filed and/or delivered until Monday morning, October 02, 2006.

Moreover, Summer Infant objects to Plaintiff's motion to the extent that it mischaracterizes the proceedings and orders of The Honorable David F. Hamilton, because contrary to Plaintiff's suggestion, there are no orders in place that are directed at or apply to Summer Infant. Plaintiff represents in its motion that "Summer Infant" has not produced any documents in response to the September 6 Subpoena, despite the Indiana Court's order that responses were due within 10 calendar days and counsel's repeated representations that Summer Infant will produce some documents. Summer Infant – although under no order to do so – produced documents in good faith despite Plaintiff's unwillingness to limit its subpoena to relevant information that is neither proprietary nor confidential. Additionally, the discovery order that Plaintiff references and the time limitations for discovery responses contained therein is clearly applicable only to the parties to the litigation in Indiana – that is, Dorel and Lois DiMartinis. Of course Plaintiff is aware of this since it obtained the order *ex parte*. Plaintiff's attempt to create the impression that the Order is applicable to Summer Infant and that Summer Infant has run afoul or ignored an Order is just wrong. Summer Infant therefore respectfully requests that this Honorable Court deny Plaintiff's motion and award Summer Infant its attorney fees and costs.

## II. FACTUAL BACKGROUND

Summer Infant, Inc. is a Rhode Island Corporation with its principal place of business in North Smithfield. Plaintiff is an out-of-state corporation with its principal place of business in the State of Indiana. Summer Infant and Plaintiff are both engaged in the business of selling, designing and producing juvenile products.

Summer Infant hired Lois DiMartinis for a newly created position, Vice President of Marketing, and she was scheduled to officially begin employment on September 5, 2006. This position, along with approximately six other positions, was posted in The Providence Journal.

Ms. DiMartinis responded to the advertisement and was ultimately hired. Shortly thereafter, on or about August 30, 2006, Plaintiff sued Lois DiMartinis, a Massachusetts resident, in United States District Court for the Southern District of Indiana. The complaint is captioned as a Complaint for Injunctive Relief and Money Damages. It seeks a preliminary and permanent injunction prohibiting Ms. DiMartinis from providing services to Summer Infant in any capacity relating to the job for which she was hired.

Plaintiff's complaint and its motion for preliminary injunction level serious, yet unsubstantiated allegations against Ms. DiMartinis and Summer Infant. However, the allegations in its complaint and motion for preliminary injunction are neither verified nor attested to. Despite the seemingly reckless manner in which Plaintiff has gone about making unsubstantiated allegation and aspersions, Summer Infant informed Plaintiff, in the spirit of cooperation, that it would provide forty-eight (48) hours notice to Plaintiff before Ms. DiMartinis commenced work. She has not yet commenced work.

## III. ARGUMENT

Summer Infant takes exception to many of Plaintiff's representations regarding Summer Infant's cooperation and its position with respect to the subpoena. Summer Infant has fully cooperated with the litigation pending between Dorel and Ms. DiMartinis, and fully complied with the rules of procedure for responding to Plaintiff's subpoena. Summer Infant has attempted in good faith to resolve Plaintiff's requests, which are clearly overly broad, burdensome, and aimed directly at Summer Infant's confidential and proprietary information. Counsel for Summer Infant has written to Plaintiff on four separate occasions explaining its objections and concerns regarding the subpoena, the subject matter of the information sought and the manner in which Plaintiff has gone about attempting to obtain this information. Counsel have conferred on the telephone and discussed

their clients' respective positions. As the Court can plainly see, Plaintiff has not sought to limit any of its requests. Instead, it has only sought concessions from Summer Infant, and once it received its concession, asks for more information. For example, after counsel for Plaintiff originally suggested limiting Request No. 1 to information that may have been obtained from Lois DiMartinis, and they were told that there are no documents of this nature, Dorel now seeks all information that Summer Infant may possess regarding Dorel, regardless of the source or the form of the information. Another example relates to information connected to hiring Ms. DiMartinis, including job description and similar information. While discussing relevant information that may be responsive to the request, counsel for Plaintiff indicated that he was interested in obtaining any past job performance reviews or evaluations of any Summer Infant employees who were performing some or any of the responsibilities that may encompass the responsibilities envisioned for Ms DiMartinis. Even the most liberal reading of the subpoena would not include this type of information and plaintiff's counsel was seeking to unilaterally expand the scope of information sought by his client, Dorel.

Additionally, Plaintiff's requests seek information regarding at least four employees who have no connection to Ms. DiMartinis (Request No. 5, 6, 7, 8 and 10), and Summer Infant's product design information and research (Request No. 11 and 12) regarding products that again have no connection to Ms. DiMartinis. The fact that counsel for Dorel and Ms. DiMartinis have entered into a protective order provides no comfort to Summer Infant, a non-party. Summer Infant takes no comfort in handing over to its competitor's attorneys, proprietary and confidential information relating to products and/or internal communication between Summer Infant and its employees. There must be some showing of a good faith basis for requesting and obtaining the information, and not just unattested and unverified allegations by attorneys hired by Plaintiff. If this is in fact the

standard for conducting discovery – especially against a non-party - then we would just dispense with the need of the rules of procedure.

As stated at the outset, Summer Infant has produced records to Plaintiff. The documents largely fall within the category of records relating to the hiring of Ms. DiMartinis and her commencement of work. Counsel will make these records available to the Court if it wishes to view the documents. Plaintiff has already included correspondence from Summer Infant's attorney directed to Plaintiff's attorney, with the exception of the correspondence that accompanied document production. A copy of this correspondence is attached hereto.

## IV. CONCLUSION

Summer Infant respectfully requests that this Court deny Plaintiff's motion to compel production of documents and to award Summer Infant its attorney fees and costs. With respect to documents that fall within the category of proprietary or confidential information, Summer Infants requests a protective order from any disclosure of this information. Lastly, Summer Infant wishes to alert the Court to a concern which is related to motion to compel and document requests, and that is Plaintiff's intention to conduct additional discovery in the form of depositions against Summer Infant in advance of the hearing on its motion for preliminary injunction. On Tuesday, October 3, 2006, Dorel served three individuals from Summer Infant – Jason Macari, Steven Gibree and Georgi Peters – with subpoenas for deposition testimony in Boston. The depositions are presently scheduled for October 9, 10 and 11 in Boston. Given the nature of the subpoena of documents and Plaintiff's unwillingness to consider limiting any of its requests, Summer Infant believes that Plaintiff fully intends to depose Summer Infant's witnesses in areas that clearly involve confidential and proprietary information. Summer Infant requests that this Honorable Court also address this issue and render and an appropriate protective order limiting the scope of inquiry at these

depositions. Summer Infant will file an appropriate motion to quash and request for protective order limiting scope of the depositions. Finally, Summer Infant requests that the location of the depositions be moved to Rhode Island, preferably Providence. Counsel for Summer Infant made this request of Plaintiff, however, Plaintiff wishes to proceed in Boston. All three witnesses work in North Smithfield, Rhode Island. Counsel for Plaintiff is from Chicago. Counsel for Summer Infant has offered to make his Providence Office available for the depositions. Moreover, Plaintiff has retained local counsel in Providence whose offices are located directly above the offices of Counsel for Summer Infant. Moreover, both offices are located only one block from the Federal Courthouse. The only attorney located in Boston is counsel for Ms. DiMartinis, who has agreed to come to Providence for any depositions. These issues are not new to Plaintiff, as counsel for Defendant raised these issues with Plaintiff's Chicago counsel prior to service of the subpoenas.

Accordingly, Defendant Summer Infant, Inc. respectfully requests that this Honorable Court deny Plaintiff's motion and award Summer Infant its attorney fees and costs.

Respectfully submitted,
Summer Infant, Inc., by its attorneys,

Dated: October 5, 2006

/s/ Christopher J. O'Connor
William A. Poore, Esq. (#1436)
Christopher J. O'Connor, Esq. (#5078)
Poore & Rosenbaum LLP
30 Exchange Terrace
Providence, RI 02903
(401) 831-2600 – telephone
(401) 831-2220 – facsimile

## CERTIFICATION

I hereby certify that on this 5th day of October, 2006, I mailed a true copy of the within, regular mail, postage prepaid to the following:

Mary Cavanagh Dunn, Esq.
Blish & Cavanagh
30 Exchange Terrace
Providence, RI 02903

James G. Richmond, Esq.
Abigail A. Clapp, Esq.
Greenberg Traurig LLP
77 West Wacker Drive, Suite 2500
Chicago, IL 60601

J. Lee McNeely, Esq.
McNeely Stephenson Thopy & Harrold
30 East Washington Street, Suite 400
P.O. Box 457
Shelbyville, TN 46176-1372

Charles H. R. Peters, Esq.
Nora Kersten Walsh, Esq.
Schiff Hardin LLP
6600 Sears Tower
Chicago, Illinois 60606

Jay Gordon Taylor, Esq.
Ice Miller LLP
One American Square
Suite 3100
Indianapolis, IN 46282

/s/ Christopher J. O'Connor
Christopher J. O'Connor, Esq.