UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

DOREL JUVENILE GROUP, INC.

v. Case Number: 1:06-MC-0091-S-DLM

SUMMER INFANT, INC.

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S EMERGENCY MOTION TO QUASH AND/OR MODIFY AND FOR A LIMITED SCOPE PROTECTIVE ORDER

## I. INTRODUCTION

Now comes the Defendant Summer Infant, Inc. by and through its attorneys in the above-entitled matter and hereby submits its memorandum of law in support of its motion to quash and/or modify subpoenas served on three employees of Summer Infant, Inc., and its motion for a protective order limiting the scope of the depositions. Copies of the subpoenas and subsequent notices of deposition are attached hereto as Exhibits A, B and C.

## II. ARGUMENT

### A. Location of the Depositions

Summer Infant, Inc. respectfully requests, pursuant to Rule 45(c)(3)(A) of the Federal Rules of Civil Procedure, that the subpoenas served on (1) Jason Macari; (2) Steven Gibree; and (3) Georgi Peters, all of whom are employees of Summer Infant, Inc., be quashed and/or modified to the extent that the subpoenas requires the deponents to travel to Boston, Massachusetts. Further, Summer Infant, Inc. respectfully requests that these depositions be taken in Providence, Rhode Island. Plaintiff had first raised the issue of deposing Jason Macari and Steven Gibree, employees of Summer Infant, Inc., with counsel for Summer Infant during the week of September 25, 2006. At that time, counsel for Summer Infant, Inc. advised Plaintiff's counsel that he would make his office in Providence, Rhode Island available for the depositions and further that he would need to

have some discussions and agreements regarding the scope of the depositions. Plaintiff's counsel advised that she wished to conduct the depositions in Boston, Massachusetts and further advised that she would not agree in advance to limit the scope of the depositions. Summer Infant was informed only this week that Plaintiff also intended to take the deposition of Georgi Peters.

All three deponents are employees of Summer Infant, Inc. and work at the North Smithfield, Rhode Island offices, and Mr. Macari and Mr. Gibree reside in Rhode Island. Summer Infant respectfully submits that for the convenience of the deponents and so as not to create an undue burden on the deponents, the depositions must be conducted in Providence, Rhode Island. Summer Infant counsel's office is located in Providence, and we offered to make our offices available for the depositions. In addition, Plaintiff's local counsel's offices are also located in Providence, in the same building as Summer Infant, Inc.'s counsel's offices and one block from the courthouse. Counsel for Plaintiff is coming from Chicago, Illinois for the depositions, and counsel for Ms. DiMartinis has agreed to travel to Providence for the depositions. Lastly, the subpoenas served on the three deponents are issued by the United States District Court for the District of Rhode Island but Plaintiff attempts to compel these witnesses to appear in a different District. Summer Infant, Inc. respectfully submits that the most appropriate, convenient and logical location for conducting the depositions is Providence, Rhode Island, not Boston, Massachusetts.

**2. Limiting the scope of the Depositions.**

In addition, Summer Infant, Inc. moves, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, for a protective order limiting the scope of the depositions of Jason Macari, Steven Gibree and Georgi Peters to protect against the disclosure of trade secrets or other proprietary and confidential research, development and/or commercial information. Counsel for Summer Infant, Inc. has written to Plaintiff's counsel to attempt to secure an agreement to limit the scope of the

depositions to prevent the disclosure of trade secrets or other proprietary and confidential information; however, counsel for Plaintiff has not agreed to limit the scope of the depositions. Although Summer Infant, Inc. does not know what precise questions will be asked of the deponents, there is a belief, based on the subpoena served on Summer Infant, Inc. on September 6, 2006, a copy of which is attached hereto as Exhibit D and already the subject of an emergency motion to compel filed by Plaintiff, that Plaintiff's counsel intends to inquire regarding proprietary and confidential product information, company policies and strategies, and internal communication of Summer Infant, Inc. that includes employees of Summer Infant, Inc. that have no connection to Lois DiMartinis or Plaintiff's claim that Ms. DiMartinis has or will disclose confidential information.

Accordingly, Summer Infant, Inc. respectfully requests that this court grant its motion to quash and/or modify the subpoenas issued on Summer Infant, Inc. employees and order the depositions to be conducted in Providence, Rhode Island. Summer Infant, Inc. further requests this court grant a protective order limiting the scope of the depositions to prevent the disclosure of proprietary and confidential information.

Respectfully submitted,
Summer Infant, Inc., by its attorneys,

Date: October 5, 2006

/s/ Christopher J. O'Connor
William A. Poore, Esq. (#1436)
Christopher J. O'Connor, Esq. (#5078)
Poore & Rosenbaum LLP
30 Exchange Terrace
Providence, RI 02903
(401) 831-2600 – telephone
(401) 831-2220 – facsimile

CERTIFICATION

I hereby certify that on this 5th day of October, 2006, I mailed a true copy of the within, regular mail, postage prepaid to the following:

James G. Richmond, Esq.
Abigail A. Clapp, Esq.
Greenberg Traurig LLP
77 West Wacker Drive, Suite 2500
Chicago, IL 60601

Charles H. R. Peters, Esq.
Nora Kersten Walsh, Esq.
Schiff Hardin LLP
6600 Sears Tower
Chicago, Illinois 60606

Mary Cavanagh Dunn, Esq.
Blish & Cavanagh
30 Exchange Terrace
Providence, RI 02903

J. Lee McNeely, Esq.
McNeely Stephenson Thopy & Harrold
30 East Washington St., Ste. 400
P.O. Box 457
Shelbyville, TN 46176-1372

Jay Gordon Taylor, Esq.
Ice Miller LLP
One American Square
Suite 3100
Indianapolis, IN 46282

/s/ Christopher J. O'Connor
Christopher J. O'Connor, Esq.