DEFENDANT'S EXHIBIT D

AO88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

DOREL JUVENILE GROUP, INC.
Plaintiff,
v.
LOIS DiMARTINIS
Defendant.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 1:06-CV-1295-DFH-TAB
Pending in the U.S. District Court for the Southern District of Indiana

TO: Keeper of Records
Summer Infant, Inc.
582 Great Road
North Smithfield, Rhode Island 02896

YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE DOCUMENTS LISTED ON THE ATTACHED RIDER.

| PLACE | DATE AND TIME |
|---|---|
| Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C. One Financial Center, Boston, MA 02111 | Sept. 20, 2006 at 1:30 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Nora Kersten Walsh (attorney for Plaintiff) | 9/5/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Nora Kersten Walsh, Schiff Hardin LLP
6600 Sears Tower, Chicago, IL 60606 (312) 258-5500

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

A True Copy Attest
Constable #6133
Date 9-6-06

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________
DATE

______________________
SIGNATURE OF SERVER

______________________
ADDRESS OF SERVER

______________________

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**Rider**

**Explanatory Statements**

1. The term "document" means any writing, graphic matter, or other tangible thing included within the scope of Rule 34 of the Federal Rules of Civil Procedure, whether printed, recorded, produced by any process, or written and produced by hand, regardless of whether the item is stored in printed or electronic media, including but not limited to: letters; reports; other written communications; e-mail messages; photographs; tape recordings; recordings on disk or tape; archive records, whether recorded on volatile or nonvolatile media; hard drives, whether from laptop or desktop computers; and portable computer storage media, including but not limited to floppy disks, CD-ROMs, Zip drives, or flash media.

2. As used herein, "You" or "Your" or "Summer Infant" means Summer Infant, Inc. and any and all of its affiliates, parents, subsidiaries, divisions, or units, and any or all of its agents, employees, directors, officers or individuals purporting to act on its behalf.

3. As used herein, "DiMartinis" means the defendant in this action, Lois DiMartinis.

4. As used herein, "Plaintiff" or "Dorel" means Dorel Juvenile Group, Inc., and any and all of its affiliates, parents, subsidiaries, divisions, or units, and any or all of its agents, employees, directors, officers or individuals purporting to act on its behalf.

5. The terms "and" and "or" shall be construed conjunctively or disjunctively, or both conjunctively and disjunctively, so as to acquire the broadest meaning possible. The singular form of a word shall be interpreted as a plural as well, and vice-versa.

6. The terms "relating to" and "relate" mean directly or indirectly referring to, pertaining to, constituting, discussing, describing, referencing, evidencing, concerning, describing, constituting, or having anything to do with, in whole or in part.

7. The documents to be produced are those that are in the possession, custody, or control of Summer Infant or any of Summer Infant's agents, employees, officers, or representatives (including, but not limited to, her attorneys, accountants, and consultants).

8. If you object to any portion of any request, state the specific grounds for such objection and produce all documents that you do not object to producing.

9. In the event any document or thing responsive to these requests is not provided by reason of a claim of privilege or work product, or for any other reason, then the following is requested with respect to such document or thing: (a) a brief description of the subject matter of the document or thing; (b) the identity of the author or creator of the document or thing; (c) the source of the document or thing; (d) all recipients of the document or thing (including, but not limited to, those receiving copies and blind copies); (e) the date the document or thing, or any copy or draft thereon which is not identical to the original, was created; and (f) the basis upon which the document or thing is being withheld.

10. In the event any document or thing responsive to these requests is not provided because the document or thing has been altered or destroyed, then the following is requested with respect to such document or thing: (a) a brief description of the subject matter of the document or thing; (b) the identity of the author or creator of the document or thing; (c) the source of the document or thing; (d) all recipients of the document or thing (including, but not limited to, those receiving copies and blind copies); (e) the date the document or thing, or any copy or draft

thereon which is not identical to the original, was created; (f) the date or approximate date the document or thing was altered or destroyed; and (g) the person or persons responsible for the destruction or alteration of the document or thing.

11. Any document responsive to any request should be identified as being responsive to the specific request involved. If the same document is responsive to more than one request, all requests to which it is responsive should be identified.

12. All requests are to be construed as continuing in nature and requesting supplementation up to and throughout the time of any trial.

**Documents Requested:**

1. Any and all documents or tangible things relating to Dorel, including, but not limited to all documents reflecting, relating to or containing information regarding:

a) Dorel's marketing, sales, advertising and product promotions, past and present;

b) Dorel's product development information, such as development strategies and designs, materials, processes, and all other product information;

c) Dorel's licensing arrangements, including but not limited to licensing agreements, royalties, and product areas;

d) Dorel's company financial information, including but not limited to profit and loss statements, and including but not limited to documents maintained in hard copy and/or electronic form; and

e) Dorel's crisis management information, including internal communications regarding potential redesigns and recalls.

2. Any and all documents relating to or reflecting any communication with DiMartinis regarding any of Dorel's information at any time, including but not limited to the information set forth in Request 1.

3. Any and all documents relating to Summer Infant's recruitment, interviewing, contacting, consideration for employment or other services, offer of employment or other services, or hiring of DiMartinis, including, without limitation, all notes or other documents related to any communication with Summer Infant about the provision of any services, DiMartinis' job application, personnel documents, employment contract, any other contracts or agreements regarding confidentiality, non-disclosure, non-competition, non-solicitation or related issues, documents relating to DiMartinis' compensation and benefits packages and job descriptions, any communications or correspondence with executive placement or recruitment firms, and any and all other communications and correspondence between DiMartinis and Summer Infant, relating to Summer Infant's recruitment and hiring of DiMartinis.

4. Any and all other documents reflecting communications between You and DiMartinis at any time.

5. Any and all documents reflecting any communication between You and Allison Murphy, former Associate Product Manager at Dorel, relating to the subject of Ms. Murphy's departure from Dorel, her employment with, or other services to, Summer Infant, or to the subject of DiMartinis' departure from Dorel or employment with Summer Infant.

6. Any and all documents reflecting any communication between You and Chuck Keegan, former Design Director at Dorel, relating to the subject of Mr. Keegan's departure from Dorel, his employment with, or other services to, Summer Infant, or to the subject of DiMartinis' departure from Dorel or employment with Summer Infant.

7. Any and all documents reflecting any communication between You and Chris Briden, former Project Engineer at Dorel, relating to the subject of Mr. Briden's departure from Dorel, his employment with, or other services to, Summer Infant, or to the subject of DiMartinis' departure from Dorel or employment with Summer Infant.

8. Any and all documents reflecting any communication between You and Georgi Peters, former Associate Product Manager at Dorel, relating to the subject of Ms. Peters' departure from Dorel, her employment with, or other services to, Summer Infant, or to the subject of DiMartinis' departure from Dorel or employment with Summer Infant.

9. Any and all documents relating to DiMartinis' current position with Summer Infant, including but not limited to all documents reflecting her job title, duties, and responsibilities.

10. Any and all documents relating to the current position, title, duties, and responsibilities of the following Summer Infant employees:

a) Allison Murphy;

b) Chuck Keegan;

c) Chris Briden; and

d) Georgi Peters.

11. Any and all documents relating to or reflecting product development and/or design information for any juvenile nasal aspirator or related product manufactured, marketed or promoted by Summer Infant, or intended to be manufactured, marketed or promoted by Summer Infant in the future.

12. Any and all documents relating to or reflecting product development and/or design information for any juvenile bath product or related product manufactured, marketed or

promoted by Summer Infant, or intended to be manufactured, marketed or promoted by Summer Infant in the future.

13. Any and all documents relating to or reflecting any communication in any form between You and any other Dorel employee, current or former, relating to the subject of that Dorel employee's possible or actual departure from Dorel or his or her possible or recruitment by or employment with Summer Infant.