UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DOREL JUVENILE GROUP, INC. :
:
v. : MC 06-91 S
:
SUMMER INFANT, INC. :

**DECISION**
**RE EMERGENCY MOTION TO**
**COMPEL PRODUCTION OF DOCUMENTS**

The Court rules as indicated below regarding Plaintiff's Emergency Motion to Compel Production of Documents from Summer Infant, Inc. (Document ("Doc.") #1) (the "Motion"). A memorandum and order explaining the reasons for the rulings will be issued later.

1. As to Request No. 1, the Motion is granted with the following limitation. If there is a document or tangible thing which contains information about both Dorel Juvenile Group, Inc. ("Dorel"), and Summer Infant, Inc. ("Summer Infant"), Summer Infant may redact the information which pertains to Summer Infant.[1]

2. As to Request No. 2, the Motion is granted.

3. As to Request Nos. 3 and 4, the Motion is granted with the following limitation. To the extent that Summer Infant contends that notes taken by any person at the August 18, 2006, meeting at Summer Infant which Lois DiMartinis ("DiMartinis") attended would disclose confidential information which is not relevant to the action between Dorel and DiMartinis, Summer Infant may submit such notes to this Court for in camera review.

---

[1] For example, if Summer Infant has a chart which shows a side by side comparison of Dorel's sales and Summer Infant's sales, the chart must be produced, but the information about Summer Infant may be redacted.

4. As to Request Nos. 5, 6, 7, 8, and 13, the Motion is granted to the extent that Summer Infant shall produce all documents reflecting any communication between Summer Infant and past or present employees of Dorel relating to the subject of their departure (or potential departure) from Dorel and their hiring (or potential hiring) by Summer Infant and to the subject of DiMartinis' departure from Dorel or employment with Summer Infant. To the extent that Request Nos. 5, 6, 7, 8, and 13 seek documents pertaining to what former employees of Dorel (other than DiMartinis) have done at Summer Infant since their hiring by Summer Infant, the Motion is denied.

5. As to Request No. 9, the Motion is granted. If Summer Infant's response to this request is that the only responsive document is the newspaper advertisement for the position, Summer Infant shall submit an affidavit from a knowledgeable officer stating that s/he has directed a thorough search for documents responsive to this request and that no additional documents exist.

6. As to Request No. 10, the Motion is granted to the extent that any duty or responsibility formerly performed by or assigned to any of Summer Infant's employees listed in Request No. 10 is to be performed by DiMartinis.[2] In all other respects, the Motion is denied as to Request No. 10.

7. As to Request Nos. 11 and 12, the Motion is denied.

To the extent the Court has granted the Motion, Summer Infant shall produce the responsive documents as soon as possible

---

[2] At the hearing on October 6, 2006, counsel for Dorel indicated that Summer Infant claimed that DiMartinis' duties were drawn from some of the duties previously performed by the employees listed in Request No. 10. Thus, to the extent that duties to be performed by DiMartinis are reflected in documents pertaining to these four employees, those documents must be produced. However, duties which will not be performed by DiMartinis may be redacted from the documents.

but not later than Friday, October 13, 2006.

ENTER:

DAVID L. MARTIN
United States Magistrate Judge
October 10, 2006

BY ORDER:

Deputy Clerk