UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DOREL JUVENILE GROUP, INC. :
:
v. : MC 06-91 S
:
SUMMER INFANT, INC. :

**ORDER**
**RE DEFENDANT'S EMERGENCY MOTION**

Before the Court is Defendant's Emergency Motion to Quash and/or Modify and for a Limited Scope Protective Order with Respect to Subpoenas Served on Employees of Defendant Summer Infant, Inc. (Document ("Doc.") #7) ("Motion"). The Motion was filed on October 5, 2006, by Summer Infant, Inc. ("Summer Infant"). Although the Motion is titled as if Summer Infant were a defendant, Summer Infant is actually a nonparty relative to an action presently pending in the United States District Court for the Southern District of Indiana. That action is captioned Dorel Juvenile Group, Inc. v. Lois DiMartinis, Case No. 1:06-cv-1295-DFH-TAB.

By the Motion, Summer Infant seeks to quash and/or modify subpoenas served on three of its employees, Jason Macari, Steven Gibree, and Georgi Peters by Dorel Juvenile Group, Inc. ("Dorel"). The subpoenas required the three employees to appear for depositions in Boston, Massachusetts, on October 9, 10, and 11. **To the extent that the Motion seeks to have the subpoenas modified so that the depositions are conducted in Providence, Rhode Island, the Motion is ruled moot as counsel for Dorel agreed at a hearing held on October 6, 2006, to move the depositions to Providence.** See Tape of 10/6/006 hearing.

The Motion also seeks a protective order limiting the scope of the depositions of the three employees. Summer Infant represents that it believes that Dorel intends to inquire of the

three employees about trade secrets and confidential information, and it seeks a protective order to preclude inquiry regarding such matters. **To the extent that the Motion seeks a protective order limiting the scope of the depositions, the Motion is denied without prejudice. The Court declines to rule without knowing the particular questions to which Summer Infant may object.** Cf. Horizons Titanium Corp. v. Norton Co., 290 F.2d 421, 425 (1st Cir. 1961)(noting that "there is a particularly heavy burden upon a deponent to make a substantial showing in support of a motion to quash as contrasted to some more limited protection" and that "[p]articularly this must be so with respect to relief asked before the deposition even commences")(footnote omitted).

So ordered.

ENTER:

DAVID L. MARTIN
United States Magistrate Judge
October 11, 2006

BY ORDER:

Deputy Clerk